IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Bk. Case No. 02-10341 (MFW) |
| | ) | Chapter 7 |
| NETWORK PLUS CORP., et al., | ) | (Substantively Consolidated) |
| | ) | |
| Debtors. | ) | **Objection Deadline: January 2, 2013** |
| | ) | **Hearing Date: January 9, 2013 at 2:00 p.m.** |

**MOTION OF PRISM COMMUNICATIONS SERVICES, INC., AS SOLE MEMBER OF PRISM VIRGINIA OPERATIONS LLC, AND COMDISCO, INC. FOR WITHDRAWAL OF FUNDS PURSUANT TO 28 U.S.C. § 2042 AND <u>LOCAL BANKRUPTCY RULE 3011-1</u>**

Prism Communications Services, Inc., as Sole Member of Prism Virginia Operations LLC, and Comdisco, Inc. in the above-captioned matter (collectively "<u>Prism</u>"), by and through it's undersigned counsel hereby files, pursuant to 28 U.S.C. § 2042 and Local Bankruptcy Rule 3011-1 for the District of Delaware, this motion to withdraw unclaimed funds from the Court (the "<u>Motion</u>"). In support of the Motion, Prism respectfully represents as follows:

## BACKGROUND

1. On February 4, 2002 (the "<u>Petition Date</u>"), the above-captioned debtors (collectively, the "<u>Debtors</u>"), each filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

2. On June 11, 2003, the Court entered an order converting the Debtors' cases to cases under Chapter 7 of the Bankruptcy Code and, thereafter, Michael B. Joseph, was appointed as Chapter 7 Trustee (the "<u>Trustee</u>"). The cases were substantively consolidated by virtue of an Order dated April 12, 2006 [Docket No. 1373].

{02101:MOT:10191705.DOC}

3. On December 22, 2006, an order was entered allowing (i) Claim No. 686 as a Chapter 11 administrative expense claim in the amount of $17,939.12; and (ii) Claim No. 688 as a Chapter 11 administrative expense claim in the amount of $25,854.26 (together the "Administrative Claims"). [Docket No. 1504]. (A copy of the Order is attached thereto as *Exhibit A*).

4. The Trustee's Final Report and Account of the Administration of the Estate and Final Application for Compensation (the "Final Report") was filed with the Court on May 7, 2012 [Docket No. 1623].

5. An Order approving the proposed distribution outlined in the Final Report was entered by the Court on June 28, 2012 [Docket No. 1630].

6. On October 23, 2012 the Trustee filed an Application to Pay Unclaimed Funds into the Court (the "Trustee's Application") [Docket No. 1635], including the distribution due Prism in the sum of: (i) $3,619.52 for Claim No. 686; and (ii) $5,216.54 for Claim No. 688. (A copy of the Trustee's Application is attached hereto as *Exhibit B*).

7. On November 12, 2012 a Certificate of No Objection was filed by the Trustee [Docket No. 1636] and thereafter, an order to pay unclaimed funds into Court was entered on November 14, 2012 [Docket No. 1640]. (A copy is attached hereto as *Exhibit C*).

### REQUESTED RELIEF

8. Prism hereby seeks the entry of an Order approving the withdrawal of it's unclaimed funds from the Court. (A copy of the proposed order is attached hereto as *Exhibit D*).

9. Trustee maintains in the Trustee's Application that he previously attempted to issue dividends for the Administrative Claims to Prism, however, the disbursement checks have

{02101:MOT:10191705.DOC}

not been negotiated by the Claimants and/or have been returned. Accordingly, the Trustee has voided such checks. *(See Exhibit B at Paragraph 8)*.

10. Prism now maintains its offices at 5600 N. River Road, Suite 800, Rosement, IL 60018. The Trustee's Application indicated that service was attempted at an old address of Prism at 6111 North River Road, Rosemont, IL 60018. (*See* Service List contained in *Exhibit B*).

11. The Trustee did not attempt to contact counsel for Prism before filing the Trustee's Application, although lead counsel for Prism was, or should have been, known to the Trustee. Nor was the Trustee's Application served on lead counsel for Prism. (*See* Service List contained in *Exhibit B*).

12. Prism has not received any payment on it's Administrative Claims, nor did it receive any Notice of the Trustee's Application.

13. No prior application for the relief herein requested has been made.

WHEREFORE, it is respectfully requested that this Court grant permission to Prism for the release of said unclaimed funds in the amount of (i) $3,619.52 for it's distribution on Claim No. 686; and (ii) $5,216.54 for it's distribution on Claim No. 688 from the Court for the benefit of Prism.

Dated: December 12, 2012

By: */s/Kathleen M. Miller*

*Attorneys for Prism Communications Services, Inc. as Sole member of Prism Virginia Operations, LLC and Comdisco, Inc.*